IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE CONSTITUTION PARTY OF PENNSYLVANIA, et al., : : : | |
| Plaintiffs, : | CIVIL ACTION |
| : | |
| v. : | |
| : | |
| : | NO. 12-2726 |
| PEDRO CORTES, et al., : | |
| : | |
| Defendants. : | |

## MEMORANDUM

**STENGEL, J.**                                                                                                              **May 18, 2016**

      Although this case is on appeal in the United States Court of Appeals for the Third Circuit, the plaintiffs have asked this court to enter an injunction. The plaintiffs are political bodies, or "minor parties," seeking to place their candidates on the November 2016 general election ballot in Pennsylvania. On April 26, 2016, they filed an emergency motion for a temporary restraining order and a preliminary injunction to direct the Secretary of the Commonwealth to accept their nominating petitions.

      In a memorandum and order on July 23, 2015, I ruled that two sections of the Pennsylvania Election Code, when applied together, were unconstitutional as applied to these plaintiffs. Specifically, 25 P.S. § 2911(b) establishes a requirement for the number of signatures on a nominating petition. 25 P.S. § 2937 provides for a process to verify the signatures and allows for the imposition of significant costs if the petition is stricken for

invalid signatures. On May 16, 2016, I heard oral argument on the request for an injunction and for the reasons that follow, I am denying the plaintiffs' motion.

## I. LEGAL STANDARD

A plaintiff seeking injunctive relief must show: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Kos Pharma., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004). The party moving for injunctive relief bears the burden of demonstrating that all four factors weigh in favor of granting the injunction. Ferring Pharma., Inc. v. Watson Pharma., Inc., 765 F.3d 205, 210 (3d Cir. 2014). "A preliminary injunction is not granted as a matter of right." Kerschner v. Mazurkewicz, 670 F.2d 440, 443 (3d Cir. 1982). Rather, such "'an exercise of a court's equitable authority' will only be granted after 'taking into account all of the circumstances that bear on the need for prospective relief.'" URL Pharma, Inc. v. Reckitt Benckiser Inc., Civ. A. No. 15-0505, 2016 WL 1592695, *3 (E.D. Pa. Apr. 20, 2016)(quoting Salazar v. Buono, 559 U.S. 700, 714 (2010)).

## II. DISCUSSION

### A. Jurisdiction to Grant an Injunction Pending Appeal

A district court can enter an injunction when an appeal is pending pursuant to Rule 8(a)(1)(C) of the Federal Rules of Appellate Procedure. Rule 8(a)(1)(C) provides as follows:

> **(1)  Initial Motion in the District Court.**  A party must ordinarily move first in the district court for the following relief:
>
> …..
>
> > (C)  an order suspending, modifying, restoring, or granting an injunction while an appeal is pending.

Despite the defendants' contention that "[a]s a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal," the defendants overlook the fact that this general divesture rule is subject to limited exceptions including the granting of injunctions.  <u>Venen v. Sweet</u>, 758 F.2d 117, 129 (3d Cir. 1985)(noting that a district court is not divested of jurisdiction during the pendency of an appeal to modify, restore, or grant injunctions in accordance with Rule 8 of the Federal Rules of Appellate Procedure).  Accordingly, I have jurisdiction to enter an injunction in this matter notwithstanding the pending appeal before the Third Circuit.

### B.  <u>Motion for a Temporary Restraining Order and Preliminary Injunction</u>

The plaintiffs request injunctive relief seeking to have this court direct Secretary Cortes to place their candidates for public office on Pennsylvania's November 8, 2016 general election ballot.  In the alternative, the plaintiffs request that this court direct Secretary Cortes to place their candidates on the November 8, 2016 general election ballot provided that they submit nomination papers before the August 1, 2016 deadline

with valid signatures of qualified electors equal in number to the requirements imposed upon major party candidates pursuant to 25 P.S. § 2872.1.

Following my July 23, 2015 decision on the parties' cross-motions for summary judgment, the defendants appealed the case to the Third Circuit. Last month, the Third Circuit held oral argument on the merits and the parties are awaiting a decision. It is very difficult for this court to say whether the plaintiffs are likely to succeed on the merits. That is up to the Court of Appeals at this point. My analysis led to my decision that the two sections of the Election Code in combination are unconstitutional as applied to the plaintiffs. That analysis is now under review on appeal and it appears the Court of Appeals is in a better position than I to assess the plaintiffs' likelihood of success on the merits. I find that the first element of injunctive relief has not been established in the motion pending before this Court.

Further, the public interest likely does not favor the District Court granting relief to the plaintiffs in this procedural posture. My decision to grant or deny this injunction on its merits could be consistent with the anticipated decision by the Court of Appeals. Or, it could not. Inconsistent rulings on similar issues would lead to, at best, confusion or delay. At worst, there could be further appeals and additional litigation seeking clarification. There is a process in place for the orderly, consistent and reliable resolution of the issues raised by the parties in this injunction context. This process is the appeal pending in the Third Circuit. I decline to enter an order on matters the Court of Appeals is considering in this very case. If the plaintiffs believe they need a decision on an emergency basis, they have the option of seeking interim, injunctive relief from the Court

of Appeals. The public interest in efficient litigation and consistent rulings suggests the Third Circuit is in a better position to consider such a request.

    An appropriate Order follows.