# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE CONSTITUTION PARTY OF PENNSYLVANIA, et al., | : : : | |
| Plaintiffs, | : : | CIVIL ACTION |
| v. | : : | |
| CAROL AICHELE, et al., | : : | NO. 12-2726 |
| Defendants. | : | |

## **M E M O R A N D U M**

**STENGEL, C.J.**                                                                                                   February 1, 2018

## I. INTRODUCTION

This action before me on remand stems from a constitutional challenge brought by three non-major political parties regarding two Pennsylvania election statutes. The Constitution Party of Pennsylvania, the Libertarian Party of Pennsylvania, the Green Party of Pennsylvania, and several party leaders initiated this case in 2012 claiming that the state's requirements for non-major party candidates to appear on the general election ballot violated the First and Fourteenth Amendments. The challenged provisions, 25 P.S. §§ 2911(b) and 2937, together forced prospective non-major party candidates to assume the risk of financing potentially expensive litigation in order to prove their compliance with the state's signature-gathering requirements. The defendants in this case are the Secretary of the Commonwealth of Pennsylvania and the Commissioner of the Pennsylvania Bureau of Commissions, Elections, and Legislation, in their official capacities ("the Commonwealth").

In an order and memorandum dated July 23, 2015, I ruled that the challenged state statutes were unconstitutional as applied to the plaintiffs but that section 2937 was facially valid; the Third Circuit affirmed this decision. On June 30, 2016, I issued an order modifying the unconstitutional ballot access process. The modified process, imparted by that order and adopted from a proposal by the Commonwealth, included a county-based signature-distribution requirement in order for non-major party candidates to appear on the general election ballot for state office. The plaintiffs appealed, claiming that this county-based requirement was unconstitutional. On Dec. 13, 2017, the Third Circuit vacated my order and remanded the case.

Following the appellate ruling, the parties jointly proposed a modification to my June 30, 2016 order, striking its county-based requirements to ensure its constitutionality. The parties' proposed modification eliminates the vote dilution issue that was appealed, aligning it with the constitutional requirements set forth by the Third Circuit.

## II. BACKGROUND

On May 17, 2012, three non-major party plaintiffs initiated this lawsuit under 42 U.S.C. § 1983 against the Commonwealth to enjoin the application of certain Pennsylvania election requirements, which they argued violated the First and Fourteenth Amendments. The plaintiffs argued that 25 P.S. § 2911(b) imposed unconstitutional signature-gathering requirements for non-major party nominees to appear on the general election ballot for state office; they also argued the unconstitutionality of section 2937, which permits courts to impose litigation costs on such nominees in lawsuits challenging their compliance with the signature-gathering requirements. (Doc. No. 1, ¶¶ 18, 19–20,

54.) Pursuant to state requirements at that time, non-major party nominees had to submit "tens of thousands of valid signatures," while major party nominees had to submit 2,000, at most. (Doc. No. 1, ¶¶ 62–63.)

### III. PROCEDURAL HISTORY

At the outset of this case, the plaintiffs requested relief in the form of a declaratory judgment holding that the challenged statutes were unconstitutional, and an injunction from enforcement of the signature-gathering requirements. (Doc. No. 1, ¶ 73.)

In July 2012, the defendants filed a motion to dismiss, claiming that the plaintiffs lacked standing to seek an injunction and had failed to state a claim; intervenor-defendants filed a separate motion to dismiss on Aug. 14, 2012. (Doc. Nos. 8, 25.) On Aug. 8, 2012, the plaintiffs filed a motion for a temporary restraining order or preliminary injunction to prevent the imposition of potential litigation costs on minor party nominees who had submitted signatures in good faith and as then-required in the ongoing election cycle. (Doc. No. 12.) The parties submitted their responses in turn. (Doc. Nos. 18, 21.)

On March 8, 2013, I granted the defendants' and intervenor-defendants' motions to dismiss and denied the plaintiffs' motion for a preliminary injunction as moot. (Doc. No. 35.) On Jul. 9, 2014, the Third Circuit reversed that decision and remanded the case. Constitution Party of Pa. v. Aichele, 757 F.3d 347 (3d Cir. 2014). On Jul. 23, 2015, I issued a memorandum and orders finding that the challenged statutes were unconstitutional as applied to the plaintiffs but that section 2937 was facially valid. (Doc.

Nos. 66–68.) On June 2, 2016, the Third Circuit affirmed. Constitution Party of Pa. v. Cortes, 824 F.3d 386 (3d Cir. 2016).

On June 17, 2016, the plaintiffs filed an emergency motion for a temporary restraining order and permanent injunction to enjoin state entities and their representatives from enforcing the unconstitutional requirements against the plaintiffs until the defects were remediated. (Doc. No. 90.) On June 30, 2016, I granted the plaintiffs' motion and imparted a process, adopted from a proposal by the Commonwealth, for minor party nominees to appear on the general election ballot. (Doc. No. 97.) On Dec. 13, 2017, the Third Circuit vacated my order and remanded for further proceedings. Constitution Party of Pa. v. Cortes, 877 F.3d 480 (3d Cir. 2017). Following the Third Circuit's decision, the parties jointly proposed that I strike the county-based signature requirement from my June 30, 2016 order.

**IV. DISCUSSION**

My June 30, 2016 order fashioning a process for non-major party nominees in Pennsylvania to appear on the general election ballot for state-wide office required prospective candidates to gather 250 signatures from each of at least five counties. (Doc. No. 97.) The Third Circuit vacated and remanded my June 30, 2016 order, instructing that if I were to impose the same or another county-based requirement, I must conduct a factual analysis on the record pursuant to Anderson v. Celebrezze, 460 U.S. 780 (1983). Constitution Party, 877 F.3d at 486–87. After several conferences with me and each other, the parties have jointly proposed a modification to eliminate the county-based

4

signature-gathering requirements altogether. I accept the parties' proposal and find that it falls within the constitutional requirements articulated by the Third Circuit.

A guiding force within the Third Circuit's reasoning was the "one person, one vote" principle. Id. at 484. In Moore v. Ogilvie, the Supreme Court applied this principle to county-based signature-gathering requirements. Id. (citing Moore v. Ogilvie, 394 U.S. 814 (1969)). Many years later, in Anderson, the Supreme Court established a process for analyzing constitutional challenges to state election laws. Id. (citing Anderson, 460 U.S. at 789 (1983)). Under Anderson, a court must consider

> the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff seeks to vindicate. It then must identify and evaluate the precise interests put forward by the State as justifications for the burden imposed by its rule. In passing judgment, the Court must not only determine the legitimacy and strength of each of those interests; it also must consider the extent to which those interests make it necessary to burden the plaintiff's rights. Only after weighing all these factors is the reviewing court in a position to decide whether the challenged provision is unconstitutional.

Anderson, 460 U.S. at 789.[1]

The Third Circuit noted that county-based signature-gathering requirements "have fared poorly" in courts both before and after Anderson and that the difficulty of justifying such requirements' constitutionality lies in Anderson's final consideration, "the extent to which [the state's] interests make it necessary to burden the plaintiff's rights." Constitution Party, 877 F.3d at 484–85 (quoting Anderson, 460 U.S. at 789). This consideration typically tilts in plaintiffs' favor because "alternatives to county-based

---

1 The Third Circuit noted that, while Anderson involved a First Amendment challenge, the court had extended the analysis to Equal Protection challenges. Constitution Party, 877 F.3d at 484 (citing Belitskus v. Pizzingrilli, 343 F.3d 632, 643 (3d Cir. 2003)).

5

requirements are readily available"—such as requirements based on congressional district (by which voters are more equally distributed by population). Id. at 485.

Nonetheless, county-based requirements can pass constitutional muster where there is no "real or appreciable impact upon the franchise." Id. (quoting Zautra v. Miller, 348 F. Supp. 847, 850 (D. Utah 1972)). Where there is no appreciable impact, "there is no injury to constitutional rights that the court must balance against a state's interests." Id. at 485–86. In Zautra, there was no appreciable impact of a county-based signature-gathering requirement where a Utah law required "new political associations" to obtain signatures of 500 registered voters, including "at least ten voters' signatures from each of only nine counties, plus nine voters' signatures from a tenth county and two from an eleventh county"—an objectively small amount per county. Id. at 485; Zautra, 348 F. Supp. at 848.

Critical to this case, the Third Circuit noted that the inquiry into whether a regulation burdens constitutional rights is "fact intensive" and requires an on the record analysis of the facts at issue. Id. at 486 (quoting Patriot Party of Allegheny Cty. v. Allegheny City Dep't of Elections, 95 F.3d 253, 258 (3d Cir. 1996)). In vacating and remanding this action, the Third Circuit reasoned that "resolving vote dilution challenges is a fact intensive process" and "the District Court did not make any factual findings or provide any explanation on the record of the factors it considered in determining that its injunction was appropriate." Id.

The parties' proposed solution currently before me recommends eliminating county-based requirements from the signature requirements necessary for a prospective

6

candidate to be placed on the general election ballot for statewide office in Pennsylvania. By discarding the county-based requirements altogether from the requirements set forth in my June 30, 2016 order, this proposal eliminates any possible vote dilution. Hence, it eliminates the issue that the Third Circuit reviewed on appeal. This solution negates any "impact upon the franchise" that this court would otherwise need to balance against the state's interests in a fact intensive analysis. Id. at 485–86 (quoting Zautra, 348 F.Supp. at 850). Therefore, I find that the parties' jointly proposed solution—to eliminate the county-based signature-gathering requirements from my June 30, 2016 order, while leaving the unchallenged statewide signature gathering requirements intact—satisfies the constitutional standard articulated by the Third Circuit.

    An appropriate order follows; it modifies my June 30, 2016 order by eliminating the county-based signature-gathering requirements.